**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRAMONT MANAGEMENT COMPANY, L.L.C. | § | |
| D/B/A MIRAMONT COUNTRY CLUB, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2188 |
| | § | |
| JOHN SIBBALD ASSOCIATES, INC. *et al.*, | § | |
| | § | |
| *Defendant*. | § | |

**SUPPLEMENTAL MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Miramont Management Company, L.L.C. d/b/a

Miramont Country Club's ("Miramont") motion for remand and for costs. Dkt. 9. After considering

the parties' arguments, the appropriate evidence, and the applicable law, the court finds that the

motion to remand should be GRANTED and the request for costs DENIED.

**I. BACKGROUND**

The factual background and analysis related to Miramont's claims are detailed in this court's

memorandum opinion issued August 26, 2008. Dkt. 10. In summary, Miramont brought claims of

breach of contract, fraudulent inducement, and civil conspiracy against defendants John Sibbald

Associates, Inc. ("JSA"), Daniel M. Denehy ("Denehy"), and Paul Spellman ("Spellman") in state

court in Brazos County, Texas. Dkt. 1. Per contractual agreement ("Miramont–JSA agreement"),

JSA and Denehy assisted Miramont in selecting a candidate for a General Manager position. It is

undisputed that JSA and Denehy recommended Spellman for the position; however, defendants

maintain several candidates were presented to Miramont. Dkts. 1, 13. JSA and Denehy

subsequently facilitated an employment agreement between Miramont and Spellman

("Miramont–Spellman agreement").   Dissatisfied with Spellman's attitude and performance, Miramont performed its own post-hire investigation into Spellman's employment history.  Miramont purports to have uncovered unfavorable employment references, which it claims were not disclosed during the selection process.  Dkt. 1.  Miramont alleges that it was fraudulently induced to enter into the Miramont–JSA and Miramont–Spellman agreements; JSA and Denehy breached the Miramont–JSA agreement; and defendants conspired to conceal Spellman's employment history. *Id.*

The parties do not dispute that Miramont is incorporated under the laws of the State of Texas. Nor do they dispute that JSA is a foreign entity; Denehy is a resident of Connecticut; and Spellman is a resident of Texas.  *Id.*  Absent Spellman's joinder, the parties concur that complete diversity would exist and federal jurisdiction would be proper, pursuant to 28 U.S.C. § 1332.  Defendants filed a notice of removal, alleging that Spellman was improperly joined in order to defeat diversity jurisdiction.  Dkt. 1.

## II. ANALYSIS

Defendants allege that Spellman's citizenship should be ignored for the purposes of determining jurisdiction.  A case can be removed to federal court, despite a non-diverse defendant, if defendants demonstrate that the non-diverse defendant was improperly joined, i.e. joined for the purpose of destroying diversity.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  Defendants must show either: (1) actual fraud in the pleading of jurisdictional facts, or (2) plaintiff's inability to establish a claim against the non-diverse defendant in state court.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  Because fraud in the pleadings is not alleged, the latter is the appropriate inquiry.  The Fifth Circuit has endorsed a 12(b)(6)-like

2

inquiry as the proper means of determining whether plaintiff can establish a claim in state court

against the non-diverse defendant. *Id.* at 573. If the plaintiff "has misstated or omitted discrete facts

that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the

pleadings and conduct a summary inquiry." *Id.* "In this inquiry, the court may 'consider summary

judgment-type evidence in the record, but must also take into account all unchallenged factual

allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.' *All*

*disputed issues of fact* and any ambiguities of state law must be resolved in the [plaintiff's] favor."

*Smith v. Petsmart Inc.*, 2008 WL 2062257, at \*2 (5th Cir. May 15, 2008) (quoting *Travis v. Irby*, 326

F.3d 644, 648–49) (5th Cir. 2003)) (internal citation omitted) (emphasis added). The proper focus

of the inquiry is on the *possibility*, rather than *probability*, of recovery under each claim.

## A. Fraudulent Inducement

Per the memorandum opinion of this court, Miramont has not demonstrated a reasonable

possibility of recovery against Spellman, individually, based on allegations that Spellman

fraudulently induced Miramont to enter into the Miramont–Spellman agreement. Thus, the court

does not address it further.

## B. Conspiracy to Defraud Miramont

Because conspiracy is a derivative tort, the plaintiff must plead and prove the underlying tort,

upon which the conspiracy claim is based, in addition to the elements of civil conspiracy. *Hinojosa*

*v. Guidant Corp.*, 2005 WL 2177212, at \*4 (S.D. Tex. Sept. 7, 2005) (citing *Grizzle v. Texas*

*Commerce Bank* , 38 S.W.3d 265, 285 (Tex. App.—Dallas 2001) *rev'd in part on other grounds* 96

S.W.3d 240 (Tex. 2002)). Here, Miramont pleads the tort of fraudulent inducement. Specifically,

Miramont claims JSA and Denehy fraudulently induced it to enter into the Miramont–Spellman

agreement.   Applying the law to the instant case, Miramont must demonstrate a possibility of

recovery in both the fraudulent inducement and civil conspiracy claims.   If a reasonable possibility

of recovery in both claims is shown, Spellman is not improperly joined.

In its prior opinion, this court analyzed each element of the fraudulent inducement claim

against JSA and Denehy and concluded that Miramont established a possibility of recovery on the

claim.[1]   Although defendants argue that Miramont failed to plead with the particularity required

under Federal Rule of Civil Procedure 9(b), such pleading standards are not appropriate in the

context of a motion to remand.   "Rule 81 of the Federal Rules of Civil Procedure states that the

Federal Rules of Civil Procedure 'apply to a civil action [only] after it is removed from a state court.'

Thus, '[t]he federal rules do not apply to filings in state court, even if the case is later removed to

federal court.'" (*Kuykendahl-WP Retail I, L.P. v. Wild Oats Markets, Inc.*, 2008 WL 728149, at *4

(S.D. Tex. Mar. 18, 2008)) (quoting FED. R. CIV. P. 81 and *Tompkins v. Cyr,* 202 F.3d 770, 787 (5th

Cir. 2000)) (internal citation omitted) (alterations in original).[2]

Although defendants cite several cases in support of their arguments, the cases are inapposite

to the instant case.   In assessing the reasonable possibility of recovery in a claim of civil conspiracy

against a non-diverse defendant, the court in *Icon Benefit Administrators II, L.P. v. Wachovia*

*Insurance Services, Inc.-Dallas*, noted that the plaintiffs "did not allege that [the non-diverse

defendant] disparaged, or agreed on a plan to disparage, [one of the named plaintiffs]." *Icon Benefit*

---

[1] Defendants also acknowledge the possibility of recovery on the fraudulent inducement claim against JSA and Denehy.  Dkt. 13.

[2] The *Kuykendahl-WP Retail I* opinion notes that the appropriate means of seeking a more specific statement of the plaintiff's claim in a state court petition is through a special exception, pursuant to Texas Rule of Civil Procedure 91. *Kuykendahl-WP Retail I, L.P.*, 2008 WL 728149, at *4 (citing *Clayton v. Richards*, 47 S.W.3d 149, 152 (Tex. App.—Texarkana 2001, pet. denied)).  A special exception was not filed in the present case.  Dkt. 1.

*Adm'rs II, L.P. v. Wachovia Ins. Servs.*, 2008 WL 2645478, at *5 (N.D. Tex. July 3, 2008). Accordingly, the court could not find a "meeting of the minds" between the defendants—a required element of a civil conspiracy claim.  Thus, there was no reasonable basis for recovery against the non-diverse defendant.  *Id.*

In contrast, Miramont has alleged that the defendants conspired.  Futher, Miramont furnished two bases for its claim: Denehy and Spellman were purportedly fraternity brothers and the parties were expected to benefit financially from Miramont's hiring of Spellman.  Despite defendants' challenges to both bases, at this stage in the proceedings, all disputed issues of fact must be resolved in favor of the plaintiff, Miramont.  Although defendants question the validity of the Miramont Vice President's affidavit, and submitted Spellman's contrary affidavit, in this threshold inquiry the court cannot properly weigh their respective credibility.  Dkt. 13, Ex. A.  Additionally, defendants maintain that the financial incentive to JSA and Denehy is speculative.  But, the undisputed existence of the Miramont—JSA contract, the subject matter of which involves assistance in selection of a General Manager for Miramont, reasonably supports the existence of a financial benefit to JSA and Denehy.  And, Spellman's hire and the related Miramont–Spellman agreement, facilitated by JSA and Denehy, reasonably corroborate the existence of a financial benefit to Spellman.  Finally, while Spellman claims that he disclosed his employment history, Miramont denied having knowledge of the unfavorable references when it decided to hire Spellman.  Dkts. 1, 13, Ex. A.  Ultimately, each of these disputed issues of fact are for a trial court with jurisdiction to resolve.

Likewise, in *Dell, Inc. v. This Old Store, Inc.*, the 12(b)(6) inquiry was not performed in the context of a remand.  *Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609, at *1 (S.D. Tex. July 2,

2007).  The plaintiffs in *Dell* alleged separate federal causes of action in addition to their state law claims.[3]

Defendants also argue that Spellman did not personally make misrepresentations regarding his employment history or qualifications.  Assuming, arguendo, that Spellman did not make the misrepresentations, he can nonetheless be exposed to co-conspirator liability.  "All members of a conspiracy are liable for their co-conspirators's wrongful acts. And, even if a co-conspirator's acts occurred before the conspiracy formed, all the conspiring parties are liable for those acts, as long as those acts are made in furtherance of the 'common goal' of the conspiracy . . . ." *Bentley v. Bunton*, 94 S.W.3d 561, 619 (Tex. 2002).  Thus, in summary, Miramont has demonstrated a reasonable possibility of recovery on the civil conspiracy claim against Spellman.  Therefore, Spellman is not improperly joined.

## C. Costs

While this court has determined that remand is proper, the award of attorneys' fees does not necessarily follow.  "[This] interpretation finds support in the Fifth Circuit, as costs should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Geo-Chevron Ortiz Ranch No. 2 v. Woodworth*, 2005 WL 1155169, at * 1 (S.D. Tex. May 10, 2005) (quoting *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) (citations omitted)).  Because some of the allegations against Spellman did not withstand the 12(b)(6)-like inquiry, it can hardly be said that the defendants' removal was meritless.  Therefore,

---

[3]  Specifically, the plaintiffs alleged trademark infringement, unfair competition, and copyright infringement in addition to the state law claims of trademark infringement, unfair competition, injury to business reputation or trademark, fraud, conversion, breach of contract, tortious inducement of breach of contract, and tortious interference with prospective economic advantage. *Dell, Inc.*, 2007 WL 1958609, at *1.

notwithstanding the court's determination to remand, the award of attorneys' fees is not appropriate in the present case.

## III. CONCLUSION

Federal courts are courts of limited jurisdiction. "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Ameen v. Merck & Co.*, 226 Fed. Appx. 363, 368 (5th Cir. 2007). The court sees no reason to vacate its previous order with respect to plaintiff's motion to remand; therefore, plaintiff's motion to remand is GRANTED in accordance with the previous memorandum opinion and order. However, plaintiff's request for costs is DENIED. To the extent that the previous memorandum order and opinion granted plaintiff's request for attorneys' fees, it is VACATED.

Signed at Houston, Texas on September 5, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY